### RUTH CAMPBELL v. THE STATE.

No. 1115.    Decided October 11, 1911.

Rehearing granted November 15, 1911.

**1.—Rape—Special Venire—Discretion of Court.**

The statute provides that the court shall order a special venire for capital cases, and places it within the discretion of the court as to the number of veniremen to be drawn; and where, upon trial of rape, the court refused to have more than fifty men summoned, and no injury was shown, there was no error.

**2.—Same—Indictment—Woman.**

A woman may be guilty of rape as an abettor or principal, and where the indictment alleged among other things that the defendant unlawfully aided by acts and encouraged by words her codefendant in committing a rape, the indictment was sufficient.

**3.—Same—Evidence—Clothing—Age of Prosecutrix.**

Where, upon trial of rape, there was no controversy or reasonable doubt that the injured female was under the age of consent. there was no error in the court's refusal to permit her to put on a certain coat-suit, which she was said to have worn on a certain occasion; besides, the fact that prosecutrix's general

appearance might mislead one as to her age would be no defense under the circumstances.

### 4.—Same—Evidence—Bill of Exceptions.

Where the bill of exceptions did not state why testimony as to intercourse by her codefendant with another woman was objected to, and did not show how this injured the rights of the defendant, there was no error.

### 5.—Same—Evidence—Letter.

Where the proper predicate was laid before the introduction of a certain letter written by the defendant to her codefendant, there was no error.

### 6.—Same—Confessions.

Upon trial of rape, there was no error in admitting in evidence the written confession of the defendant which met all the requirements of the law.

### 7.—Same—Evidence—Letter.

Where the letter offered by the defense did not remotely tend to prove or disprove any issue in the case, there was no error in excluding it.

### 8.—Same—Voluntary Confession—Charge of Court—Bill of Exceptions.

Where, upon trial of rape, the written confessions in accordance with the law were in evidence, and the defendant claimed that they were not voluntarily made, but the bill of exceptions showed that they were voluntarily made as the statute required, and the appellant accepted this qualification to the bill, there was no error in refusing a special charge thereon.

### 9.—Same—Principals—Charge of Court—Supplemental Charge.

Where, upon trial of rape, the evidence raised the issue as to whether defendant—being present—aided her codefendant to commit the rape and the defendant offered a special charge as the jury was about to retire, calling the court's attention to the omission in his charge of this phase of the case, whereupon the court submitted a supplementary charge properly instructing the jury thereon, there was no error.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Evans & Carpenter,* for appellant.—On question of confession: Benavides v. State, 31 Texas Crim. Rep., 175.

On question of court's charge on principals: Lesley v. State, 67 S. W. Rep., 659.

On question of age of defendant: Lawrence v. State, 32 S. W. Rep., 539; Rice v. State, 37 Texas Crim. Rep., 38.

*C. E. Lane, C. E. Mead, Walter Woodward,* Assistant Attorney-Generals.—Cited cases in opinion.

HARPER, Judge.—Appellant was convicted in the District Court of Hunt County, under an indictment charging her with rape, and her punishment was assessed at five years imprisonment in the penitentiary.

This is a companion case to the case of Luther Hutcherson, recently affirmed by this court. (62 Texas Crim. Rep., 1, 135 S. W. Rep., 53.) Appellant in this case was convicted as a principal upon the theory that she aided, assisted and encouraged in the perpetration of the crime charged. ·Appellant has reserved some twenty bills of exception, but as she has presented all of her supposed errors in her assignments, we will consider them in the order in which they are there presented.

1. The first assignment complains of the refusal of the court, at the request of counsel for defendant, to order a venire of 100 instead of 50 men. As stated before, this is a companion case of the Luther Hutcherson case. Luther Hutcherson was tried for the same offense on the 10th day of October, 1910, in Hunt County, and was convicted, and his punishment assessed at twenty years in the penitentiary. On the 10th day of October, this case was set for trial on the 31st day of October, 1910. At the same time, the court ordered a special venire to be drawn of fifty veniremen in this case, which was to be returnable on October 28th, 1910. At the time of the ordering of this venire, counsel for the defendant suggested that as the Luther Hutcherson case had just been tried and doubtless the facts proven upon the trial had been extensively circulated in Hunt County, that the court should order a venire of 100 men instead of fifty, in this case. The court refused to adopt the suggestion of appellant's counsel, and, as before stated, ordered a venire of fifty men only. Appellant's bill No. 1 shows that sometime between the day upon which the trial was begun on October 31st and December 21st, at which time said bill was filed, appellant took exception to said action of the trial court. The statute provides that the court shall order a special venire for the trial of cases of the nature of this case, and places it within the discretion of the court as to the number of veniremen to be drawn. The court qualifies the bill of exception taken by the appellant by stating that in selecting the jury when this case was called for trial, counsel for appellant procured eleven jurors out of the panel summoned, and that, therefore, defendant was not injured by the refusal of the court to have more than fifty men summoned on this venire. The court did not abuse his discretion in fixing the number of veniremen at fifty.

2. The second assignment urges the insufficiency of the indictment, first, because the indictment shows on its face that the appellant is a woman, and, therefore, could not be guilty of rape; second, because it is not shown by said indictment that defendant had unlawful intercourse in giving such aid, or encouragement as alleged therein. Article 75, of the Penal Code, provides:

"When an offense is actually committed by one or more persons, but others are present and, knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who being actually present, keep watch so as to prevent the interruption of those engaged in committing the

offense, such person so aiding, encouraging or keeping watch, are principal offenders and may be prosecuted and convicted as such."

The evidence for the State in this case shows that the appellant, Ruth Campbell, was very intimate with the said Luther Hutcherson, who actually committed rape upon one Arminta Scott; that she induced the said Arminta Scott, a female under fifteen years of age, to accompany Luther Hutcherson and herself to the woods for the purpose of having Arminta Scott submit to carnal intercourse with the said Hutcherson; that she was present at the time said carnal intercourse was had by the said Hutcherson with the said Arminta Scott, and held her while the act was accomplished. Under these facts, she would be a principal and could be convicted as such under the law. A woman may be guilty of rape as an abettor or principal. See State v. Hones, 83 N. C., 607; 3 Chitty Crim. Law, 811; see also 1 Hale, 629; 1 Harg. St. Trials, 388; 106 N. C., 722; 62 Mich., 280.

3. The third assignment complains of the refusal of the court to permit Mrs. Walter Scott, mother of Arminta Scott, prosecutrix, to agree upon request of counsel for defendant, to cause Arminta Scott to put on a certain coat suit said to have been worn by her on one occasion and appear before the jury trying this case, so that they might see her in a skirt longer than the one worn by her when she appeared as a witness in this case. Appellant insists that she expected to show to the jury by this method that the skirt to the coat suit was much longer than the skirt she wore when she testified in this case, and that if dressed in longer skirts she would appear to be 15 years of age. The fact that her general appearance might mislead one as to her age would be no defense to the offense, especially in this case in which no one testifies that the girl is over fourteen years of age, but it is proven, beyond a reasonable doubt, that she is under the age of consent, and the court did not err in that particular. If the record disclosed that diligence had been used to ascertain the age, and one had been misled, a different question might be presented. But in this case, the evidence raises no such issue.

4. The fourth assignment presents the same matter as discussed under assignment No. 3, and presents no error.

5. The fifth assignment submits that the court erred in permitting the State, on cross-examination of defendant, to prove that Luther Hutcherson had intercourse with her after he had intercourse with Arminta Scott. The court qualified this bill as follows: "This act of intercourse occurred immediately after the act of intercourse with Arminta Scott, and this witness answered that Arminta Scott was within fifteen or twenty feet of her and Hutcherson when this act of intercourse occurred." No reason is assigned in this bill why said testimony was objected to (McGrath v. State, 35 Texas Crim. Rep., 413), nor is it pointed out how such testimony injured the rights of appellant. Appellant, on direct examination, at the instance of her counsel, had testified that she had had several acts of intercourse with

said Hutcherson, and if the bill was in shape to be considered, it would not present error.

6. The sixth assignment complains of the admission in evidence of a letter set out in appellant's bill No. 8, in which the expression is used: "A— is all right, she is sticking like glue." The court, in approving this bill, says: "The proper predicate was laid before the introduction of this letter. The defendant testified that said letter was written by her to Hutcherson on the day following the alleged rape. She also testified that she referred to Arminta Scott when she used the expression: 'A— is all right, she is sticking like glue.'" Under the evidence the latter was admissible.

7. Assignment No. 8 complains of the admission of so much of the confession of defendant as is set out in bills No. 10 and 11. Appellant, shortly after her arrest, made a written confession, and therein stated her connection with Hutcherson, and the incidents leading up to the alleged offense herein charged, and all the circumstances surrounding the parties at the time it is alleged Hutcherson committed the offense. There was no error in admitting this confession.

8. The ninth asisgnment complains of the exclusion of a letter written by defendant's mother, set out in defendant's bill No. 12. The letter did not remotely tend to prove or disprove any issue in the case, and it was, therefore, properly excluded by the court.

9. In a number of assignments, appellant complains of the action of the court in refusing to give several special instructions requested by defendant. It appears that the State introduced a confession of defendant, which met all the requirements of the law. This made it admissible, as it was prima facie evidence that she had been duly warned, by the person to whom the statement was made, that she did not have to make a statement, and that if she made a statement, the same could be used against her. But the presumption that it was voluntarily made under the given conditions, is not a conclusive presumption, and if the evidence on behalf of defendant raises the issue that it was not a voluntary confession, or that she did not understand what she was doing, or that she did not make certain statements therein contained, the issue should be submitted to the jury. Appellant denied making one material statement in the confession. She further testified: "That she had, about two or three hours prior thereto, received a letter from her mother, telling her that she was expecting to die, and was so worried and troubled that she could not tell what was in the statement." If her testimony is to be believed, she was considerably agitated at the time she made the confession. To this testimony the court may have given little credence, and the evidence may have been such that the jury would have given to it but little or no weight, yet when the issue was raised, the court should have given that part of the special charge requested: "If you find from the evidence that at the time the written statement was taken down, that she had received news a short time before that her mother

was in a dying condition, and at the time she did not understand and comprehend the meaning and import of the written statement, or if you have a reasonable doubt as to whether she so understood and comprehended the same, you will not consider the confession embodied in the statement as evidence in this case."

10. Again, the State's evidence shows that appellant was personally present, aiding and abetting Luther Hutcherson in the commission of the offense. Appellant, in her testimony, admits her presence, but positively denies aiding, encouraging or doing any act or making any statement that tended in any degree to cause the girl to submit, or Hutcherson to accomplish his purpose. Mere personal presence will not, in law, constitute a person a principal, and the charge requested by appellant presenting her theory of the case, should have been given. It may be that the charge was not requested until after the jury was ready to retire, but one can complain of an omission in the charge in a motion for a new trial and if appellant's counsel called the attention of the court to such omission, even as the jury was ready to retire, the court should supply the omission. Appellant requested the court to charge the jury:

"Unless you believe from the evidence, beyond a reasonbale doubt, that Ruth Campbell lured and induced Arminta Scott to accompany Luther Hutcherson on the occasion in question, and unless you believe, beyond a reasonable doubt, that the said Luther Hutcherson was unable to have intercourse with Arminta Scott, and with the intent to assist him and aid him in effecting a penetration, the said Ruth Campbell held the said Arminta Scott's hands or legs or by some other act, aided the said Luther Hutcherson to accomplish such purpose, then you will acquit the said Ruth Campbell." This charge was applicable to the evidence of defendant.

As the charge of the court did not affirmatively present appellant's theory of the case, the jury might have been misled by the fact that she admitted she was present, and merely walked out of sight while the offense was committed; had gone to the place with Hutcherson and the prosecuting witness, although denying she knew his purpose.

The other assignments present no error, but on account of the matters herein pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.

### ON REHEARING.

#### November 15, 1911.

HARPER, Judge.—At a former day of this term, this cause was reversed and remanded. The State has filed a motion for a rehearing, and earnestly insists that the court was in error. After carefully reviewing the matters, we adhere to the opinion that if at the time the

court reads his charge to the jury, and the jury is about to retire, the defendant presents a special charge calling the court's attention to an omission in the charge, the court should have the jury returned to the box, and supply such omission. However, in considering the case before, our attention was not called to the fact that the court had given what is termed a "supplemental charge," and it being on a different page to the main charge of the court, we overlooked it. This supplied the omission in the charge. In this supplemental charge, the jury was instructed:

"If you believe from the evidence that the said Luther Hutcherson had carnal knowledge of the said Arminta Scott at the time and place alleged in the indictment, but the defendant, Ruth Campbell, was not present at the time and place of said act of intercourse, if any, or, if you believe she was present at said time and place and knew the unlawful intent of the said Hutcherson, if any, but did not aid by acts or encourage by words the said Hutcherson in the performance of the unlawful act, if any, or if you have a reasonable doubt as to either of these issues, you will acquit the defendant."

This, of course, covers the omission in the main charge referred to in paragraph ten of the original opinion, and had it been contained in the main charge, or had our attention been called to it in the briefs for the appellant or the State, we would not have fallen into the error of saying that the court had failed to present this theory of the case. We held that appellant was entitled to have her theory of the case submitted to the jury, even though the request to do so came as the jury was about to retire. The court does this in this supplemental charge, and, of course, it was not necessary to give the special charge requested, inasmuch as this supplemental charge had been given, and as appellant's special charges were not presented to the court until the jury was about to retire, and were never filed with the clerk.

The State also insists that the court erred in paragraph nine of the opinion. While the statement of facts shows that appellant testified to the facts stated in said paragraph of the opinion, yet our attention is called to the fact that the court, in approving the bill, qualified it as follows:

"Approved with the following explanation: The proof shows that the defendant was duly warned by C. A. Sweeton, district attorney, before she made the statement. The proof further showed that she made said statement freely and voluntarily and that as she made same it was reduced to writing, said writing containing the statutory warning. After said statement was reduced to writing, it was read over to her and she signed it. There was nothing to indicate that she did not fully understand everything in said statement."

Appellant accepted this bill and filed it, and our attention is called that we can not look to other parts of a record in aid of a bill of exceptions, and when accepted and filed by appellant, he is bound by the qualification. Blain v. State, 34 Texas Crim. Rep., 448; Hardy v.

State, 31 Texas Crim. Rep., 289; Lavine v. State, 35 Texas Crim. Rep., 647; Brown v. State, 32 Texas Crim. Rep., 119; Boyett v. State, 2 Texas Crim. App., 93. Thus, under the holdings of those cases, this court is bound by the qualification when accepted and filed by appellant, and as the judge says: "There was nothing to indicate that she did not fully understand everything in said statement, and that it was freely and voluntarily made," in accordance with the former decisions of this court, the motion for rehearing is granted, and the judgment is now affirmed.

*Affirmed.*