## OSCAR McCALLAN v. THE STATE.

No. 3438.    Decided February 24, 1915.

Rehearing denied March 17, 1915.

**1.—Local Option—Statement of Facts—Record—Practice on Appeal.**

Where, upon appeal from a conviction of a violation of the local option law, there was no statement of facts on the trial of the main case or any question arising in it in the record, the case must be decided on other questions shown by the record.

**2.—Same—Juvenile Court—County Court—Practice.**

Where the complaint and information filed in the County Court charged defendant with making an unlawful sale of intoxicating liquor charging a misdemeanor and did not indicate the age of the defendant, and the cause was transferred on motion of defendant to the Juvenile Court docket, and afterward changed back to the regular docket for the trial of criminal cases, where the court assessed the lowest penalty for a violation of the local option law, there was no reversible error.

**3.—Same—Juvenile Court—Age of Defendant—Discretion of Court.**

Where defendant was charged with a violation of the local option law as a misdemeanor, and filed a sworn plea that he was under sixteen years of age, and the record showed on appeal that the proof did not sustain said plea, the judgment must be affirmed; however, even if he was under the age of sixteen years, the County Court committed no reversible error in trying him for said offense as in other cases.

**4.—Same—Statutes Construed—Legislative Intent—Repeal by Implication.**

Evidently it was the intention of the Legislature that all the laws passed

Vol. 76 Crim.-23

upon the subject of juvenile criminals were to be construed together as one whole, and that it was not the intention of the Legislature to repeal articles 2199 to 2200, inclusive, of the Revised Civil Statutes, by implication.

**5.—Same—Felony—Legislative Intent.**

Taking the whole legislation on the subject of juvenile criminals, this court can not believe that the Legislature intended that a male person under seventeen years of age shall not under any circumstances be punished as a felon, as illustrations could be made which it seems to this court would preclude such an idea. Following Campbell v. State, 63 Texas Crim. Rep., 595, and other cases.

**6.—Same—Misdemeanor — Juvenile Court — Statutes Construed — Delinquent Child.**

While article 1205, Code Criminal Procedure, was expressly repealed by the Act of April 2, 1913, article 2199 of the Revised Civil Statutes was not amended or expressly repealed, and, under the latter, the County or District Court may order a child coming under the definition of a delinquent, who is charged with the commission of a misdemeanor, to be prosecuted under the criminal laws of this State as other persons charged with a misdemeanor are prosecuted; if the proper order is properly entered. Davidson, Judge, dissenting.

Appeal from the County Court of Gregg. Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*W. C. Shoults,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Upon proper complaint and information appellant was convicted under the misdemeanor statute for making an illegal sale of whisky in prohibition territory and his punishment assessed at the lowest prescribed by law.

There is no statement of facts on the trial of the main case, nor any such statement on any question arising in it. So that we must take the case and questions arising as shown by the record.

As stated, the complaint and information are in every way regular and sufficient charging appellant with making an unlawful sale of intoxicating liquors in said county after the law prohibiting the sale of such liquor was made a misdemeanor by the proper election, orders and publication. Neither the complaint nor information in any way indicate the age of appellant. They were both made and filed in the County Court on October 20, 1914. The number on the docket of said court was 2590. The case was tried October 27, 1914. On that date appellant filed his sworn motion to dismiss the cause and transfer it to the Juvenile Court, pleading and swearing that he was then under sixteen years of age. It seems that the county judge preliminarily on said date docketed the cause on the juvenile record as No. 9. Whether he heard evidence as to the age of the appellant is not shown. Possibly it may be inferred that he did. What it was is in no way made to appear by this record.

Whether he heard evidence or not, and whether it was shown on the hearing thereof that appellant was under sixteen or even seventeen years of age is not shown. Whatever the facts may have been, the court, on said date, October 27, 1914, entered on the juvenile record of his court in cause No. 9 an order stating: "In the above entitled cause, it appearing to the court that it is to the best interest of the child, Oscar McCallan, that he be prosecuted under the criminal laws of the State on a charge of violating the local option law. It is therefore ordered, adjudged and decreed by the court that said child, Oscar McCallan, be so prosecuted and that all judgments, orders and decrees of this court heretofore entered relating to said child as a delinquent child be suspended." And the record shows that he was tried in the County Court in the number and style of the cause in which the original papers were filed. He waived a jury and tried the case before the court. The court found him guilty, and, as stated, assessed his punishment at the lowest fixed by law.

He made a motion for a new trial on the grounds: first, that the court erred in overruling his motion to quash the complaint and information. On what ground it is not stated and the record does not disclose. Second, because of said judgment against him, claiming that the cause against him was originally filed in the County Court as a misdemeanor case; that he filed his motion to dismiss the cause from the County Court docket for the reason that he was under sixteen years of age and that said court was without jurisdiction to try the cause; that the case ought to be transferred to the Juvenile Court, claiming also that the court did transfer the cause and proceeded to try him on that docket; third, that the judgment was contrary to the law in that he could not be punished by fine and imprisonment under the Juvenile Act and that he should be proceeded against under that Act exclusively. This motion was sworn to by appellant's attorney. The court overruled the motion, he excepted, gave notice of appeal and brought the case here.

We could well conclude from this record that, notwithstanding appellant filed a sworn plea that he was under sixteen years of age, that when the court heard the evidence thereon, the proof did not sustain his plea and upon that view alone properly affirm this judgment.

However, there is such an intimation in the record that the appellant was under the age of sixteen years and the matter is of such importance that we deem it appropriate to discuss and determine the question on the assumption that appellant was under the age of sixteen years.

Prior to 1889, all persons convicted of crime, even under the age of sixteen years, were liable to the same punishment as those above said age. If of felony, they had to be confined in the penitentiary; if of a misdemeanor, they were compelled to pay a fine and suffer a jail imprisonment, as might be imposed under the law. By the Act of April 2. 1889, page 95, section 12, as amended in 1895, page 94, and incorporated in our Code of Criminal Procedure of 1895 as articles 1145-1146, it was for the first time required that when a male person under sixteen years of age was convicted of a felony and his punishment assessed at

imprisonment of five years or less that he should not be confined in the penitentiary, but in the reformatory established and located at Gatesville, Texas. That Act made no provision about a misdemeanor conviction.

The first Act about juveniles was enacted by the Legislature April 5, 1907, page 137, in ten sections, defining and prescribing the procedure for the trial of a "delinquent child." Said articles 1145-1146 of the Code of Criminal Procedure were amended by the Act of March 17, 1909, page 100. The very next Act of the same Legislature amended section 9 of the 1907 delinquent child Act. And the next Act, page 103, changed the name of the Gatesville institution and prescribed regulations therefor.

The revisers of 1910-1911 bodily copied the said Act of 1907 in the Code of Criminal Procedure as articles 1197 to 1206, inclusive, and copied said articles 1145-1146, as amended in 1909, in the same chapter, as articles 1195-1196. At the same time they also embodied in the Revised Civil Statutes said Act of 1907 as articles 2191 to 2201, inclusive, and the Legislature adopted both as thus contained. There is no difference between these several provisions in the Revised Statutes and those copied in the procedure above noted. Contemporaneous with this several Acts of the Legislature, in 1909, page 103, amended the Revised Statutes, regulating the control of said Gatesville institution and changed the name of it. This Act was embraced in the Revised Civil Statutes of 1911 under articles 5221 to 5234, inclusive.

Again, on April 2, 1913, page 214, the Legislature amended said articles 1195 to 1207 of the Code of Criminal Procedure, in lieu of those articles as they appeared in the Code entirely, making changes therein except article 1205, which was expressly repealed. And on August 16, 1913, at the Special Session of the same Legislature the said articles of the Revised Statutes, 5221 to 5234, were amended and reenacted with changes, and article 5234a was added thereto. Evidently it was the intention of the Legislature that all these laws were to be construed together as one whole. The said sections 9 and 10 of the Act of 1907 embodied as articles 2199-2200 of the Revised Civil Statutes, have neither been amended expressly nor repealed expressly. Taking the various enactments, we conclude that it was the intention of the Legislature not to repeal said articles 2199-2200. It is a universal rule that repeals by implication are not favored.

Said article 1195, Code of Criminal Procedure, as enacted in 1909, page 100, and embraced in the Revised Code of Criminal Procedure of 1911, provided that when a male juvenile under sixteen years of age was indicted for a felony, he, or anyone for him, might file a sworn statement setting forth that he was under the age of sixteen. Thereupon, the judge was required to hear the evidence and if satisfied that the defendant was less than sixteen years of age, "said judge shall have authority to order such prosecution dismissed," etc. This article, as amended by the Act of April 2, 1913, page 214, was changed so that if the male was under seventeen years of age, he, or anyone for him,

could file such sworn statement and the judge should hear evidence and if satisfied that he was under seventeen years of age "said judge shall dismiss such prosecution and proceed to try the juvenile as a delinquent," etc. The language in this latter article would ordinarily be construed as mandatory or imperative; but, as stated, the Legislature left in full force said article 2200, Revised Statutes, which expressly provides that whenever it shall appear to the District Court that any person prosecuted in such court for a felony is under sixteen years of age "such court shall have authority to order such prosecution dismissed and to order such child to be committed to the Juvenile Court of the county ·. . . for such action and disposition as said Juvenile Court may think proper in the premises." Again, by an Act of the same Legislature at its Special Session August 16, 1913, by the amendment of article 5229 of the Revised Civil Statutes, it was expressly enacted: "Hereafter all male persons under the age of seventeen years who shall be convicted of a felony or other delinquency in any court within this State, unless his sentence be suspended as provided by law, or otherwise disposed of, or unless by reason of the length of the term for which he is sentenced is required, under the law to be confined in the State penitentiary, shall be confined in the Texas Training School for Boys" (the said Gatesville institution). And said article 1195, as amended April 2, 1913, clearly contemplates that a mere juvenile under seventeen years of age may be legally indicted by the grand jury for any felony he may have committed. And it further contemplates clearly that if found guilty of a felony, his punishment may be assessed at more than five years, when the offense carries a greater punishment, for it provides that if he be found to be a delinquent and sentence be not suspended as provided by the laws of this State in cases of felony on first offense, then and only then, shall he be committed to said Gatesville institution, clearly contemplating that if his penalty is fixed at greater than five years he shall be incarcerated in the penitentiary. Taking the whole legislation, we can not believe that the Legislature intended that a male person under seventeen years of age shall not under any circumstances be punished as a felon. Illustrations could be made which, it seems to us, would preclude such an idea. For instance, suppose that a male not quite seventeen years of age, and a female, not quite eighteen years of age, should, together, with firearms, rob some girl under fifteen years of age. Then by force take her into some secluded place, and the woman, just under eighteen years of age, should hold the little child while the male just under seventeen years old, should ravish her by force, and then, fearing the little girl had recognized them, and that they would be prosecuted for robbery and rape, they should then murder her. Thus committing three of the most horrible crimes known to our law or to civilization; and that this might be the case is no unreasonable supposition, for in Campbell v. State, 63 Texas Crim. Rep., 595, 141 S. W. Rep., 232, and the companion case of Hutcherson v. State, 62 Texas Crim. Rep., 1, 136 S. W. Rep., 53, it was shown that Hutcherson, a man, was assisted by Mrs. Campbell, who was then only a young woman

about sixteen years of age, committed rape upon a young girl under fifteen years of age, and both were convicted therefor. And in Morris v. State, 39 Texas Crim. Rep., 371, Morris, a man, first raped a little six-year-old blind girl and then murdered her because she threatened to tell her mother on him, and he was convicted for the murder with the death penalty assessed.

Again, as to charges for misdemeanor, said article 1205, Code of Criminal Procedure, in the Revised Code of 1911, provided that when any male juvenile under sixteen years of age shall commit a misdemeanor, he shall be tried in the County or District Court, having jurisdiction, under the laws of this State. This article was expressly repealed by said Act of April 2, 1913, but as stated above, said article 2199 of the Revised Civil Statutes was not amended nor expressly repealed. It provides: "The County or District Court, when it deems it proper and necessary, may order a child coming under the definition of this chapter (a delinquent), and which is charged with the commission of a misdemeanor, to be prosecuted under the criminal laws of this State as other persons charged with misdemeanors are prosecuted; but no child under sixteen years of age shall be so prosecuted without such order being first so entered." In our opinion this article is still in force. It is clear that the trial judge in this case acted upon this statute and made the order that appellant should be prosecuted and was, as directed by this article.

Therefore this case must be affirmed, and it is so ordered.

*Affirmed.*

DAVIDSON, JUDGE.—The statutes discussed in the opinion and the opinion itself I think manifestly shows that these statutes are so incongruous, antagonistic and unintelligible they can not be held operative, and should be held inoperative under requirements of article 6, Penal Code of 1911. These statutes, as I understand them, can not be harmonized or construed to be valid. The Legislature should pass such legislation as would obviate these incongruous matters.

[Rehearing denied March 17, 1915.—Reporter.]