EX PARTE OSCAR McCALLAN.

No. 3536.    Decided April 21, 1915.

**Delinquent Child Law—Habeas Corpus—County Court.**

Where the questions in relator's application for habeas corpus were passed on on a former trial, it is not necessary to do so again, and the County Court should not have entertained jurisdiction of the writ.

Appeal from the County Court of Gregg. In vacation. Tried below before the Hon. J. H. McHaney.

Appeal from a habeas corpus proceeding denying release of relator on his petition that he was illegally convicted of a misdemeanor in the County Court, and fined in the sum of $25, contending that he was under the age of sixteen years at the time of the said conviction and not susceptible to the penalty imposed.

Relator contended that the verdict of the County Court convicting him of a violation of the local option law and assessing his punishment at a fine of $25 and twenty days in jail was contrary to the laws of the State and that the County Court was without jurisdiction. He introduced the judgment of the County Court on the habeas corpus proceeding and the capias issued thereon, and also introduced evidence that relator was under sixteen years of age at the time of said trial and conviction. The relator also introduced his plea to the jurisdiction of the County Court on account of non-age, etc.

The facts and the opinion of the court thereon, passing upon the questions involved therein, are fully set out in said former opinion. (McCallan v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611.)

*W. C. Shoults,* for relator.

*C. C. McDonald,* Assistant Attorney General, for the State.—Ex parte Bartee and Ex parte McDowell, recently decided.

HARPER, Judge.—Relator was convicted of a misdemeanor in the County Court of Gregg County. He appealed the case to this court and it was affirmed. (McCallan v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611.) Every question raised on this application for habeas corpus was passed on in the opinion by this court on the former appeal, and we do not deem it necessary to do so again, but merely refer to that opinion. We can not understand why the County Court entertained jurisdiction of the writ when the questions raised, and all the questions raised, were passed on in the former opinion.

The judgment is affirmed.

*Affirmed.*