## CHARLES HEITMAN v. THE STATE.

### No. 3779.  Decided November 17, 1915.

#### 1.—Rape—Evidence—General Reputation of Witness.

Where, upon trial of rape upon a female under the age of consent, the State showed that the mother of said female aided and encouraged the defendant in the commission of the crime, which the mother denied, it was reversible error not to permit the defendant in rebuttal to show said mother's good reputation for virtue and chastity, and that she was a hard-working, law-abiding woman. Following Holland v. State, 60 Texas Crim. Rep., 117, and other cases.

#### 2.—Same—Evidence—Age of Prosecutrix—School Record.

Upon trial of rape on a female under the age of consent, the age of the prosecutrix can not be shown by the school record, and this although the mother of the prosecutrix testified to the same date of birth and age of prosecutrix. Following Simpson v. State, 46 Texas Crim. Rep., 551.

#### 3.—Same—Colloquy Between Counsel and Court.

Where the argument of the prosecuting officer, with reference to the defendant's failure to testify was probably improper, yet as the judgment is reversed and the cause remanded on other grounds this need not be considered.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of rape upon a female under the age of consent; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*William H. Allen*, for appellant.—On question of admitting the school record in evidence to prove the age of prosecutrix: Simpson v. State, 46 Texas Crim. Rep., 551.

Upon question of chastity of prosecutrix's mother: Jacobs v. State, 66 Texas Crim. Rep., 146, 146 S. W. Rep., 558, and cases cited in the opinion.

On question of argument of State's counsel: Flores v. State, 60 Texas Crim. Rep., 25; Deary v. State, 62 id., 352; Minter v. State, 68 Texas Crim. Rep., 47.

*C. C. McDonald,* Assistant Attorney General, for the State

DAVIDSON, JUDGE.—Appellant was convicted of rape on a girl' alleged to be under fifteen years of age and given life imprisonment in the penitentiary.

The facts as to the guilt of the defendant are in direct conflict. It is also shown defendant is seventy-two years of age. The evidence is contradictory as to the age of the girl, the State contending she was about fourteen and appellant contending she was older. That is a controverted issue. It is also the contention of appellant that he had reached that age of life when he was physically unable to have sexual intercourse, much less rape a young girl. The jury seemed to be under the impression from their verdict that nature had dealt very kindly with the defendant in this respect.

The girl testifies to the act of intercourse, and she states that her mother was present and forced her to comply with the old man's wishes, threatening to whip her if she did not. There is evidence also in the record, to which a bill of exceptions was taken, to the effect that appellant narrated to the witness some obscene language and things which he, appellant, said occurred between himself and the mother of prosecutrix, which finally resulted in his having intercourse with her, all of this connecting the mother with the defendant in both respects. These matters were denied by the mother. To meet this phase of the case, appellant offered testimony of various witnesses, who are of prominence, to show the mother's good reputation and standing for virtue and chastity as well as that she was a hard-working, law-abiding woman. This was excluded on the objection by the State. The court seems, by his qualification of the bill, to have entertained the idea that these matters did not question her standing for chastity and veracity as an issue. It is unnecessary to discuss that matter at any length. If the mother was present and forced her daughter to have intercourse with appellant, under all the authorities she would be guilty of rape as a principal. How any woman could be so debased as to force her own daughter to have intercourse with this old man, or any other man, and then have it said that her reputation for chastity or her standing for virtue was unassailed, can not be correct. If she had intercourse with defendant, as witness testified defendant said she did, the obscene language and things of that sort that led up to that intercourse between them would certainly show that she could not be a woman of virtue or chastity. This would be more than emphasized if she forced her daughter to have intercourse with defendant. The testimony of her

good reputation in the respect mentioned certainly was legitimate. It ought not to be questioned that if these facts are true a witness coming before a jury in the condition this mother did, in regard to her child, and in connection with this man, who in this case is charged with having committed rape, and whom the girl said had intercourse with her, is held up to scorn and debasement is a profligate of the lowest order. It would be inconceivable how any woman would, under a threat of chastisement, force her daughter to have intercourse with a man, or submit her person to his embraces. The human imagination could hardly fathom such a depth of degradation. No right-minded jury would ever entertain for a moment, under such facts if true, but that the mother belonged to the lowest order of fallen womanhood. Not only that, but if the girl's testimony is true, her mother was as guilty of that rape, as a principal to the transaction, as was the defendant in the case. It is deemed unnecessary to cite authorities, but will refer to Holland v. State, 60 Texas Crim. Rep., 117; Wilkerson v. State, 60 Texas Crim. Rep., 388; Warren v. State, 54 Texas Crim. Rep., 443; Jacobs v. State, 66 Texas Crim. Rep., 146, 146 S. W. Rep., 558; Lincecum v. State, 29 Texas Crim. App., 328.

The prosecuting witness testifies she was fourteen years old May 5, 1915, and gave as a reason for it that it was shown by the school record. The age of the prosecutrix can not be shown this way. Simpson v. State, 46 Texas Crim. Rep., 551. The court qualified this bill by stating the mother of the girl was put on the stand and swore to the same date of birth and age of the prosecutrix. He further states that the fact of her age was not really a contested issue. The mother's testimony as to the age of her daughter was legitimate and proper. Perhaps no woman could testify more advisedly about the age of her child than the mother. Upon another trial the testimony in reference to the school record will not be permitted to go to the jury.

There was a matter that occurred during the trial, set out at length, being a colloquy between counsel and the court. This is not noticed because it will not or ought not to occur upon another trial, nor is it deemed necessary to notice the argument of the assistant county attorney. This will be avoided upon another trial. The argument of the prosecuting officer, if not a direct reference to the defendant's failure to testify, it approaches it in dangerous proximity.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Rehearing denied December 22, 1915.—Reporter.]