### ANDREW DAVIS v. THE STATE.

#### No. 4210. Decided October 18, 1916.

**1.—Burglary—Delinquent Child—Juvenile Court—Age of Defendant.**

In the absence of a statement of facts, where defendant contended on appeal that he was under seventeen years of age, this court must conclude that the court below heard evidence and either found that appellant was more than eighteen years of age or that he was of that character of person who should not have his case sent to the Juvenile or Delinquent Court for trial, but should be treated as a felon. Following McCallan v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611.

**2.—Same—Habeas Corpus—Practice on Appeal—Delinquent Child.**

Where defendant pleaded guilty to burglary, but thereafter filed a motion for a new trial, claiming that he was under seventeen years of age at the time of the commission of the offense and at the time he was tried, which the lower court overruled and defendant appealed to this court, and it appeared that the lower court had committed no error in overruling defendant's motion for new trial, an original application for a writ of habeas corpus involving the same questions, after defendant had perfected his appeal, will not be granted.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was charged by indictment with the offense of burglary.

When the case was called for trial appellant entered a plea of guilty and his punishment was assessed at two years confinement in the State penitentiary. This occurred May 16, 1916, and judgment was entered on that day. On the 28th day of June thereafter a motion for new trial was filed, sworn to by counsel for appellant, alleging that appellant was under seventeen years of age,—in fact, was only fourteen years of age on the 21st day of last January. The court entertained the motion on June 29th, and overruled it, from which order appellant prosecutes this appeal.

No statement of the facts heard on the trial of the case, nor the evidence heard on the motion for new trial accompanies the record before us. Therefore, we would be authorized to conclude that the court heard evidence and either found that appellant was more than eighteen years of age, or that he was of that character of person who should not have his case sent to the Juvenile or Delinquent Court for trial, but should be treated as a felon. That he had a right to so adjudge and hold was decided by this court in the case of McCallan v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611. Judge Prendergast in that opinion reviews at length all the Acts of the Legislature in regard to delinquent children, and held when that question was presented to a trial judge he would have the authority to hear evidence, and after doing so, to determine whether or not the interest of the person charged and society required that his case be sent to the Delinquent Court for trial, or that he be tried as a felon. The opinion in the case is decisive of the question here presented, and we do not deem it necessary to again review the provisions of the statute.

After he had perfected his appeal, appellant on October 3d presented to this court an original application for a writ of habeas corpus, alleging the same grounds as those contained in the motion for a new trial in the District Court. The application was filed with the papers in the case on appeal, and as it presents no other question than that entertained and passed on by the District Court on the motion for a new trial, we do not think it should be granted.

The judgment is affirmed. *Affirmed.*