## Ex Parte Nick Marks.

No. 21853. Delivered October 22, 1941.

The opinion states the case.

*W. R. Parker* and *Byron Matthews,* both of Fort Worth, and *J. F. Murray,* of Ponca City, Okla., for appellant.

*Forrester Hancock,* Criminal District Attorney, and *Fred L. Wilson,* Assistant Criminal District Attorney, both of Waxahachie, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was heretofore convicted of a conspiracy to commit theft, and by the court sentenced to serve five years in the penitentiary in accordance with the verdict of the jury. Upon the overruling of his motion for a new trial, the court fixed his bond on appeal at the sum of $8,000.00. He sued out a writ of habeas corpus requesting that the court reduce the amount of such bail, and upon the trial court's refusal to do so, the matter is before us on appeal.

Under the facts it is shown that relator is a gypsy, and he and his wife were apprehended in the State of Oregon charged with a conspiracy to steal $7,749.00 from one E. W. Alexander in Ellis County. It also appears from the record that some person had placed the sum of $5,000.00 in a certain bank to be paid to Mr. Alexander provided relator and his wife were enlarged from custody at their trials for such offense.

It was alleged in the application herein that relator was unable to make bond in the amount of $8,000.00, but no effort is shown by the testimony to make any such bond. The witness who testified relative to such matters merely testified that he did not believe relator could make an $8,000.00 bond, but could possibly make a $4,500.00 or $5,000.00 bond. It also is shown that some one had made a deposit of $5,000.00 in a bank relative to the liberation of relator. There was no showing of any effort to make the herein demanded bond of $8,000.00. Relator is also shown to have been a person of wandering habits, and that he had been extradited on this particular matter from the State of Oregon, quite a distance from the scene of this alleged offense.

We think it incumbent upon relator to have shown an effort to make the required bond before he was entitled to any consideration relative to a reduction of such amount. This is not shown to have been done. Under the circumstances we do not think he is entitled to any relief hereunder. See Ex parte Howell, 120 S. W. (2d) 264; Ex parte McDaniel, 258 S. W. 1057; Ex parte Turner, 45 S. W. (2d) 1017; Ex parte Stanton, 51 S. W. (2d) 713; Ex parte Burleson, 109 S. W. (2d) 200.

The judgment of the trial court is affirmed.