W. L. COLEMAN V. THE STATE.

No. 22806. Delivered March 29, 1944.
Rehearing Denied April 26, 1944.

The opinion states the case.

*Suttle & Kessler,* of Uvalde, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The conviction is for aggravated assault with the punishment of six months in jail and a fine of five hundred dollars.

The indictment alleges an assault with intent to rape a woman who became the State's chief witness in the case. There can be no contention that the evidence was not sufficient to support the verdict. We think it raised an issue under all the facts and circumstances of the case which warranted the court in submitting the issue of assault to rape in his charge to the jury.

Bill of Exception Number One reveals that the State introduced the testimony of several witnesses "in which the State offered to prove the general reputation of the prosecutrix * * * for virtue and chastity prior to January 19, 1943, which testimony was objected to by defendant at the time it was offered * * *." Nowhere in the bill does it say that such testimony was admitted or what the testimony was. The bill presents nothing for our consideration because we do not know what to consider. Offered evidence is not the basis of any complaint. The real question is on what was admitted and that is not found in the bill.

Objection was raised to the court's charge because the court did not withdraw this evidence from the consideration of the

jury. We are uncertain from the state of the record in the light of this objection what was intended to be affected. However, it is probably appropriate that we should state the rule applicable to the case as it appears to be.

From Branch's Criminal Law, Section 876, page 559, we quote: "In a rape case, if the defendant by his testimony assaults the reputation and virtue of the female, the State may sustain her testimony by proof of her general reputation for virtue and chastity." Mr. Branch cited Warren v. State, 114 S. W. 380 and Holland v. State, 131 S. W. 563. To this may be added Heitman v. State, 180 S. W. 701. The Holland case seems to have decided the identical question now before us. The evidence of appellant that the prosecutrix invited or condoned his advances, detailed by him, was sufficient as an assault on her character to form a basis for the rebuttal testimony offered by the State as to her general reputation for chastity. Even if we must consider that the exception to the court's charge raised the issue, the same can not be sustained.

No other question is raised in the appeal which would require discussion. The prosecutrix testified firmly and positively to the uninvited visit to her home by appellant and his persistent efforts to induce her to submit to his desires. According to her testimony, he fondled her breasts, kissed her, and otherwise applied physical force amply justifying the jury's verdict. Appellant denied specifically the things to which she testified but admitted his presence, claimed that he had been invited; that he intended to have intercourse with her in accordance with an implied, if not direct, invitation from her. A few minutes after he left the house her twenty-one year old daughter came in from her work and the mother was crying and told the daughter the full story. Appellant returned for a pair of gloves a short while thereafter, a fact which he admits, and was immediately engaged in a controversy about the matter with her daughter, thus corroborating the story of the prosecutrix and the daughter as to the outcry which the prosecutrix made. No complaint was filed for about nine days. This was a fact which the jury probably considered as a circumstance in the case. A fact was clearly raised for the jury's consideration.

Finding no error, the judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant challenges the correctness of our original conclusion by a formal motion for a rehearing.

We have again examined the record and remain convinced that reversible error is not reflected.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.