RUTH THOMPSON V. STATE.

No. 24435. June 22, 1949.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for life.

The record is before us without any bills of exceptions or any objections to the court's charge. Consequently, the only question presented for review is the sufficiency of the evidence to sustain the conviction.

The record reflects that appellant and her husband were jointly indicted as principals in the commission of the alleged offense.

The record further shows that appellant and her husband were the foster parents of Lorene McDaniel, a girl about nine years of age, at the time of the alleged offense. Lorene McDaniel testified that in the month of October, 1948, appellant's husband, Lee Thompson, had sexual intercourse with her, Lorene McDaniel, and she, the appellant, aided him in the commission of the act by holding her hands down on a bed. She also testified to a number of previous acts in which appellant assisted her husband in accomplishing the alleged offense. On the 21st

day of October, 1948, the day of the last occurrence, the little girl was taken to a hospital where a doctor examined her a short time after the occurrence and semen of a male person was found deep in her vagina. Appellant denied any knowledge of any act of sexual intercourse between her husband and the injured party. She vigorously denied that she aided or abetted her husband in the commission of the act, or that she saw it or had any knowledge thereof. However, she made a voluntary confession in which she admitted her connection with the alleged offense which was introduced in evidence, but on her trial she denied that the statements therein were true and correct. She claimed that she made the statement because the party to whom it was made told her if she did make a statement she would be released from jail. The court, in his charge, submitted to the jury the issue of whether or not the statement was voluntarily made by her; and instructed them not to consider it for any purpose, unless they did believe that she voluntarily made it.

We believe the evidence is sufficient to sustain the jury's conclusion of appellant's guilt as a principal.

In her motion for a new trial, she complains of certain questions propounded to various witnesses by the district attorney; but no objections were made thereto, and the matter is not brought forward by any bills of exception, in the absence of which we can not consider the same.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the court.