EX PARTE SHIRLEY BEATRICE MOOK MAUCK.

No. 26,243. January 21, 1953.

*Earl Luna* and *Bert Bader,* Dallas, for relator.

*Henry Wade,* District Attorney, *James K. Allen,* Assistant District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant, the relator in the court below, is confined in the Dallas County jail charged by indictment as a principal with

the crime of rape on a girl twelve years of age. Upon a hearing of her application, by writ of habeas corpus, bail was fixed at $25,000. From this order, notice of appeal was given to this court.

Appellant insists that:

"1. Relator is charged as a principal in a rape case and the evidence is insufficient to show that she is a principal; and,

"2. Under all of the facts and circumstances of this case the bond of $25,000 is excessive and should not, under any circumstances, be more than $1,000.00, considering the facts and circumstances of this case and the ability of the Relator to make bond."

The fact that the appellant is under an indictment for a felony is a sufficient cause to require bail. The sufficiency of the evidence to support the accusation may not be tested by habeas corpus. Ex Parte Price, 151 Tex. Cr. R. 633, 210 S.W. 2d 152.

A woman may be convicted of rape where she acts as a principal with the man who commits the offense. Campbell v. State, 63 Tex. Cr. R. 595, 141 S.W. 232; Heitman v. State, 78 Tex. Cr. R. 349, 180 S.W. 701; Thompson v. State, 153 Tex. Cr. R. 500, 221 S.W. 2d 607.

There is no evidence that appellant cannot make the bond fixed, nor has any attempt been made by her to do so. The question of excessive bail is therefore not before us. Ex Parte Marks, 142 Tex. Cr. R. 489, 154 S.W. 2d 851; Ex Parte Crenshaw, 150 Tex. Cr. R. 302, 200 S.W. 2d 826.

The judgment is affirmed.

Opinion approved by the Court.