Isaiah FINLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 49792.

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

Rehearing Denied Oct. 15, 1975.

Jack M. Yates (On appeal only), Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of attempted rape. Trial was before a jury and the jury assessed punishment at five years in prison. Both the offense and the trial took place after January 1, 1974, the effective date of the new Penal Code.

In his first three grounds of error, appellant contends that the trial court erred in failing to grant him a new trial and that he was deprived of a fair and impartial jury. Specifically he complains that one of the jurors who heard the case had a fixed bias against granting probation in any case and that she concealed this bias from appellant during the voir dire of the veniremen. The juror in question, Ora Marguriette Little, executed two affidavits to that effect prior to the hearing on appellant's motion for new trial. At said hearing, however, an affidavit of juror Little was introduced by the State which contradicted her previous affidavits. She also testified that, although she had a general bias against probation, she could vote to give probation in a case if the circumstances thereof warranted.

Although there is no voir dire statement of facts, *Magee v. State*, 504 S.W.2d 849 (Tex.Cr.App.1974), there is a bill of exception in the transcript which states that appellant's trial counsel asked the entire jury panel if there were any among them who could not give probation in any case. Said bill of exception was not acted upon by the trial judge. Art. 40.09, Sec. 6, V.A.C.C.P. However, we need not consider whether appellant's grounds were properly preserved.

The juror's testimony at the hearing on the motion for new trial, if believed, was sufficient to deny the existence of any

disqualifying bias. This Court cannot disturb the trial court's resolution of such questions in motions for new trial in the absence of an abuse of discretion. *Wright v. State*, 152 Tex.Cr.R. 331, 213 S.W.2d 826 (1948); *Shaver v. State*, 162 Tex.Cr.R. 15, 280 S.W.2d 740 (1955). The question of the existence of bias on the part of juror Little was resolved against appellant and his first three grounds of error are therefore overruled.

Appellant also contends that the trial court committed fundamental error in failing to apply the law of attempted rape to the facts of this case in his charge to the jury. No objection was made to the court's charge on this ground.

■ The trial court charged the jury on the statutory definition of attempt as follows:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended."

Appellant contends that the charge should have read, "A person is guilty of an attempt to commit rape where . . . ." The court's charge goes on, however, to apply the law of attempted rape to the facts of the case in the following manner:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 30th day of March, 1974, in Taylor County, Texas, the Defendant, Isaiah Finley, did, without the consent of Lynn Sudbury, a female, and by the use of force, attempt to have sexual intercourse with the said Lynn Sudbury, and that the said Lynn Sudbury was not then and there the wife of the said Defendant, then you will find the Defendant guilty of attempted rape, as charged in the indictment.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant."

The practice of submitting a charge on the abstract principles of a law, followed by an application of those principles to the facts of the case is specifically approved in 31 Tex.Jur.2d, Instructions, Sec. 96, cited by appellant. This ground of error is without merit.

■ Finally, appellant claims that the passage of Art. 1, Sec. 3a amending the Constitution of the State of Texas in 1972 renders the rape statute, Art. 21.02, V.T.C.A., Penal Code, unconstitutional. It is appellant's contention that said constitutional provision, commonly known as the Equal Rights Amendment, prohibits a statute which constrains men but not women. This contention is also without merit. It has been held many times that a woman may be guilty of rape as an accessory or a principal. *Ex Parte Mauck*, 158 Tex.Cr.R. 200, 254 S.W.2d 128 (1953); *Thompson v. State*, 153 Tex.Cr.R. 500, 221 S.W.2d 607 (1949); *Heitman v. State*, 78 Tex.Cr.R. 349, 180 S.W. 701 (1915) (citing cases); *Campbell v. State*, 63 Tex.Cr.R. 595, 141 S.W. 232 (1911) (citing cases). With the abolition of the distinction between accomplices and principals, Art. 7.01(c), V.T.C.A., Penal Code, a woman can be guilty of rape as a principal. The proscriptions of the statute thus apply equally to men and women.

■ We do note, however, that the definition of "sexual intercourse" given in Art. 21.01, V.T.C.A., Penal Code, makes it impossible for a woman to be the actual perpetrator of the crime of rape. To this extent, the statute does constrain men and not women. And it is equally obvious that the protections of the statute extend only to women and not to men. The statute thus sets up a classification on the basis of sex and we must determine if that classification is rationally related to the furthering of a legitimate state interest. *Stanton v. Stanton*, 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975).

A contention similar to appellant's was answered in favor of the constitutionality of the statute in *Buchanan v. State*, 480

S.W.2d 207 (Tex.Cr.App.1972), appeal dismissed for want of substantial federal question, 409 U.S. 814, 93 S.Ct. 175, 34 L.Ed.2d 71 (1972). Appellant in that case challenged Art. 1147(9), V.A.P.C. on the grounds that it discriminated against men. The statute made any assault by an adult male upon an adult female an aggravated assault, but an assault by an adult woman upon a man or another woman remained a simple assault. This Court found that the purpose of the statute was to prevent serious bodily injuries and that, because of the relative sizes of men and women, the statutory classification was rationally related to the accomplishment of that end.

■ Likewise, the object of the rape statute challenged here is designed to accomplish a legitimate state interest. It is a matter of common knowledge that most sexual assaults are perpetrated by men against women. These assaults carry with them the danger of serious bodily injury. The State also has an interest in preventing unwanted pregnancies. Men are protected from assaults, sexual or otherwise, by women by several other provisions of the Penal Code. See, generally, Title 5, V.T.C.A., Penal Code. Furthermore, a unique characteristics test can be applied to justify the statutory classification. Hymen and uterine injury to female rape victims, the possibility of pregnancy, and the physiological difficulty of a woman forcing a man to have sexual intercourse with her all suggest a justification for the sexual distinction embodied in Art. 21.02. Comment, "An Overview of the Equal Rights Amendment in Texas," 11 Houston L.Rev. 136, 146–150 (1973).

We note also that almost all of our sister states which have confronted this question recently have reached decisions upholding the constitutionality of their respective rape statutes against equal protection attacks. *People v. Gould,* 532 P.2d 953 (Colo.1975); *People v. Mackey,* 46 Cal.App.3d 755, 120 Cal.Rptr. 157 (1975); *Brooks v. State,* 24 Md.App. 334, 330 A.2d 670 (1975); *State v. Price,* 215 Kan. 718, 529 P.2d 85 (1974);

*People v. Medrano,* 24 Ill.App.3d 429, 321 N.E.2d 97 (1974); *State v. Kelly,* 111 Ariz. 181, 526 P.2d 720 (1974); *State v. Ewald,* 63 Wis.2d 165, 216 N.W.2d 213, 218 (1974); *State v. Drake,* 219 N.W.2d 492 (Iowa 1974); In re W.E.P., 318 A.2d 286 (D.C.App.1974); cf. *Wilson v. State,* 288 So.2d 480 (Fla.App. 1974). As was stated in *Brooks,* supra:

"The equality of the sexes expresses a societal goal, not a physical metamorphosis. It would be anomalous indeed if our aspirations toward the ideal of equality under the law caused us to overlook our disparate human vulnerabilities."

Art. 21.02, V.T.C.A., Penal Code, does not violate Art. 1, Sec. 3a, Tex.Const.

The judgment is affirmed.