### EX PARTE GEORGE W. CAMPBELL.

*No. 2880.        Decided February 19.*

**Habeas Corpus—Bail—Evidence.**—In fixing the amount of bail in a given case the judge or magistrate, amongst other things, must be governed by the nature of the offense and the circumstances under which it was committed. In this proceeding for bail the State admitted the offense charged to be bailable, whereupon the relator proposed to adduce evidence as to the nature of the offense and the circumstances under which it was committed, which evidence was rejected by the judge below. *Held,* error.

HABEAS CORPUS on appeal from an order in chambers issued by Hon. A. W. Moursund, judge of the Thirty-third Judicial District.

The opinion discloses the case.

*Finlay & Finlay,* and *Triplett & Lewis,* for relator.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—Applicant being charged by indictment with murder, applied to and obtained from the district judge of the district in which the indictment is pending a writ of *habeas corpus.* Upon the hearing of the writ the State, by her attorney, admitted that applicant was entitled to bail. Applicant thereupon offered evidence to show the nature of the offense and the circumstances under which it was committed. The judge refused to hear such evidence, and applicant excepted and reserved a bill of exception. After hearing evidence as to the pecuniary circumstances of the applicant, the judge fixed the amount of bail at $7500, and applicant has appealed to this court, claiming that the judge erred in refusing to hear evidence as to the nature and circumstances of the homicide, and that the amount of bail required is excessive.

We think the judge erred in refusing to hear the evidence offered by applicant. It was only after hearing such evidence, and evidence as to

the pecuniary circumstances of applicant, that the proper amount of bail to require could be determined.    It is a requirement of the law in such cases that such evidence should be heard.    Code Crim. Proc., arts. 171, 174, 296.    In the absence of such evidence on appeal, it can not be determined by this court whether or not the bail required is excessive.

The judgment requiring bail in the sum of $7500 is reversed, and the cause is remanded, with instructions that. the judge hear evidence as to the nature and circumstances of the offense of which applicant stands charged, and fix the amount of bail in accordance with such evidence, considering the pecuniary circumstances of the applicant.

*Ordered accordingly.*

Hurt, J., absent.