## Ex Parte Ed Bailey.

No. 10927. Delivered April 27, 1927.

**1.—Habeas Corpus—Statement of Facts—Question and Answer Form—Not Proper.**

The statement of facts brought forward in this case consists wholly of a transcription of the stenographer's notes in question and answer form. This is not in accord with the statutory requirements. See Art. 760, C. C. P. 1925, also Kitchens v. State, 83 Tex. Crim. Rep. 324, and numerous cases collated in Vernon's C. C. P., Vol. 3, p. 100.

**2.—Same—Reduction of Bail—Rule Stated.**

Where bail has been fixed below, and relator resorts to the writ of habeas corpus to secure a reduction in the amount, it rests with the applicant to produce evidence sustaining his complaint that the bail is excessive. In the absence of such showing in a murder case, bail having been fixed in the sum of $20,000 will not be held excessive. See Ex Parte Villareal, 80 Tex. Crim. Rep. 23.

Appeal from the District Court of Hutchinson County. Tried below before the Hon. Newton P. Willis, Judge.

Appeal from an order of the District Court fixing bail on a charge of murder in the sum of $20,000 to reduce the amount. Affirmed.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The relator is under indictment for murder. In a habeas corpus hearing he was allowed bail in the sum of $20,000. This appeal is to obtain a reduction of the bail.

The statement of facts before this court consists wholly of a transcription of the stenographer's notes in question and answer form. This is not in accord with the statutory requirements. See Art. 760, C. C. P. 1925; also Kitchens v. State, 83 Tex. Crim. Rep. 324, and numerous precedents collated in Vernon's Ann. Tex. C. C. P., Vol. 3, p. 100. However, we have read the document before us and fail to find therein any testimony to the effect that any effort has been made to secure bond in the amount fixed by the court or any proof that under the law the amount fixed by the trial court is excessive. The learned trial judge, after hearing the evidence, fixed the bail in the sum of $20,000. Art. 281, C. C. P. 1925, fixing the rules which govern bail, declares, among other things, that the nature of the offense and the circumstances under which it is committed, as well as the ability of the accused to make bond, are to be considered, and proof should be made on these points. Under Art. 136, C. C. P. 1925, habeas corpus is available to determine questions relating to bail, and primarily, the burden is upon the state to show that the offense is one in which bail should be denied. When bail is granted, however, as in the present case, it rests with the applicant for reduction to produce evidence sustaining his complaint that the bail is excessive. See Ex Parte Villareal, 80 Tex. Crim. Rep. 23. The absence of the evidence which was before the trial court in the present instance leaves this court without basis upon which to determine that the bail should be reduced. It appearing that evidence was heard, and the record being silent as to what the proof was, this court must assume that the action of the trial court was justified.

The judgment is affirmed.                    *Affirmed.*