### EX PARTE HERMAN SMITH.

No. 15794. Delivered January 25, 1933.
Reported in 56 S. W. (2d) 874.

The opinion states the case.

*J. A. Collier* and *M. L. Pepper*, both of Houston, for appellant.

*Lloyd W Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—This is an appeal from an order refusing to discharge the appellant upon a writ of habeas corpus.

The statement of facts before this court consists wholly of a transcription of the stenographer's notes in question and answer form. This is not in accord with the statutory requirements. Ex parte Bailey, 106 Texas Crim. Rep., 649, 294 S. W., 213. However, we have read the document before us, and are unable to reach the conclusion that appellant is illegally restrained of his liberty. It appears that appellant was convicted in 1923 of the offense of burglary. He was not represented by counsel. Immediately upon his conviction sentence was pronounced. The day after sentence was pronounced, appellant escaped from jail and remained at large until August, 1932. The indictment charged in one count burglary of a private residence, and, in another, ordinary burglary. Following the court's charge, it was under the count charging ordinary burglary that the jury convicted. The judgment of conviction and sentence recite that appellant was adjudged to be guilty of the offense of burglary and burglary of a private residence. Upon the hearing in the present case, appellant testified that he was without counsel; that he had never before been convicted of a felony; that he would have made application for a suspended sentence had he been aware that he was entitled to

file such application; that the trial court did not advise him that he had the right to prepare and file his application for a suspended sentence; that, if he had been aware of his rights under the law, he would have requested that an attorney be appointed to prepare, file, and present his application; that after conviction he did not waive the time allowed by law to file a motion for new trial; that, notwithstanding such fact, the court sentenced him prior to the expiration of the statutory time. The trial judge testified that at the time of appellant's trial he was aware of the statute requiring that the appellant be advised as to his right to file an application for a suspended sentence; that he was cognizant at the time that, if appellant desired to file an application for a suspended sentence, it was the duty of the court to appoint counsel to prepare, file, and present the application; that it was his custom to comply with the statute; that, as he had no independent recollection relative to the matter, he would not undertake to say more than that it was his custom to comply with the law relating to the right of the accused to be represented by counsel appointed by the court in the preparation and filing of an application for a suspended sentence; that, when sentence was pronounced, appellant waived the time allowed by law.

We deem it unnecessary to determine whether the failure of the court to comply with the statute in question would have the effect of rendering the judgment void. The opinion is expressed that the trial judge was warranted in finding that at the time of the trial the court advised appellant as to his right to file his application for a suspended sentence. This being a collateral attack upon the judgment of conviction, the presumption of validity is to be indulged in favor of the judgment. Ex parte McKay, 82 Texas Crim. Rep., 221; Ex parte Adolf, 86 Texas Crim. Rep., 13. This rule is well established. It is only a void judgment that may be so attacked. If it should be conceded that appellant is in a position to collaterally attack the judgment of conviction (and this is not conceded), the evidence heard by the trial court is insufficient, in our opinion to overcome the presumption to be indulged in favor of the judgment.

The fact that the judgment and sentence condemn appellant to confinement in the penitentiary for burglary and burglary of a private residence does not render the judgment void. The court submitted to the jury in the charge only the offense of ordinary burglary. The jury found appellant guilty as charged. If appellant had appealed from the judgment of conviction, this court would have reformed the judgment and sentence to show that appellant had been convicted of the offense

of burglary. See Ex parte Cross, 105 Texas Crim. Rep., 52, 284 S. W., 584.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the. Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.