EX PARTE MABLE HOWELL.

No. 19999.   Delivered October 12, 1938.

The opinion states the case.

*J. W. Culwell,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—This is an appeal from an order of the district court of Potter County refusing to reduce the amount of bail required in two cases pending against the appellant in said court. It appears from the record that appellant has been indicted by the grand jury of Potter County in two cases, one charging assault with intent to murder and the other alleging that appellant committed the offense of extortion and kidnapping. In the first case the court required a bond in the amount of $1,000.00, while in the second case the amount required was $3,500.00. In remanding appellant the court below entered an order reading in part as follows:

"On this day came on to be heard this matter. The defendant appeared in Court in person in the custody of the Sheriff of Potter County, Texas, and with her attorney; and the State of Texas was represented by the District Attorney and by the Assistant District Attorney. And the Court after hearing the pleadings and the evidence, is of the opinion that the bonds heretofore set by the Court in causes Nos. 6319 and 6320 wherein the relator, Mable Howell, is charged with the offenses of Assault with Intent to Murder and of Kidnapping for the purpose of Extortion, have not been shown to be and are not excessive; and whereas it has not been shown that any effort has been made to make said bonds for the relator herein, defendant in said causes Nos. 6319 and 6320, since the indictments were returned in said cases and since the bonds therein were fixed by this Court, the Court is of the opinion that said bonds should not be reduced, but that the relator should be remanded to the custody of the Sheriff of Potter County, Texas, in accordance with law, pending the making of proper bonds in said causes Nos. 6319 and 6320 in the amounts heretofore set by this court."

Before appellant would be entitled to ask for a reduction in the amount of bail required by the court, it devolved upon her to show her inability to give bail in said amounts. It is observed that according to the finding of the trial judge appellant made no effort to make bonds in the amounts fixed by the court. See Ex parte Burleson, 109 S. W. (2d) 200.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.