EX PARTE MRS. G. M. (MAMIE) COOPER.

No. 20288. Delivered January 25, 1939.

The opinion states the case.

*Alex Mood,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from an order of the Judge of the District Court of Johnson County refusing

to reduce the amount of bail required in four felony cases pending against the relator.

It is made to appear from the record that the relator was charged by complaint in the Justice Court of Johnson County with four cases of forgery; that upon a hearing before the magistrate she was allowed bail in the sum of $1,000.00 in each case to await the action of the grand jury; that relator then made application for a writ of habeas corpus before the District Judge of Johnson County; and that upon a hearing of said application the relator was remanded in the same amount of bail as was fixed by the magistrate.

The statement of facts is in question and answer form and therefore cannot be considered by this court. However, the statement of facts does not contain the confession of the relator in which she admits her guilty connection with the offense charged.

It is the relator's contention that she should be entitled to an outright discharge because of her affliction with tuberculosis which would render any species of confinement dangerous to her life. Such discharge would be prohibited under the terms of Art. 158, C. C. P., which declares: "Where, upon an examination under habeas corpus, it appears to the court or judge that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged, but shall be committed or admitted to bail."

Especially is this true in cases such as the present in which there is probable cause to believe that an offense has been committed by reason of the confession of the accused.

In fixing the amount of bail, the court is required by statute to exercise sound discretion, and among other things, to give due consideration to the financial ability of the accused to give bail. However, as stated by Mr. Branch in his Ann. Tex. P. C., p. 144: "The accused should introduce some evidence as to his ability to give bail so that the appellate court, if bail is granted or reduced on appeal, may have some guide as to the amount besides the charge preferred and the facts proven."

In the present instance, there is no evidence from any source showing the relator's financial status or her inability to make bond in the amount fixed by the court. As stated above, her only contention is that she should be discharged because her incarceration in jail would seriously menace her health. Under the circumstances portrayed by the record, she would not be entitled to a reduction in the amount of bail required by the

court. See Ex parte McDaniel, 258 S. W. 1057; Ex parte Howell, 120 S. W. (2d) 264; also 5 Tex. Jur. p. 871, sec .42.

The judgment is affirmed.