# FEBRUARY, 1948

### EX PARTE SANTOS ALONZO.

No. 24025. Delivered February 25, 1948.

*Bob Huff* and *Mack Wassell,* both of Lamesa, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant is under indictment for murder. Upon his application, bail was fixed by the judge at $10,000. Being unable to make such bond, the order was amended, fixing bail at the sum of $6,000. The appeal is from this order.

Since appellant's right to bail has been recognized, that question is not before us. The sole question, then, relates to the amount of bail.

It affirmatively appears that after bail had been fixed at the sum of $10,000 appellant obtained twenty-nine signers as sureties to that bond. The sheriff, however, would not approve that bond, deeming the sureties insufficient. We find nothing in this record showing what effort appellant has put forth to make the $6,000 bond. There is no showing that the sureties upon the $10,000 bond would not be acceptable for the $6,000 bond.

Before seeking a reduction of bail, an accused is under the burden of showing that he cannot make the bail fixed. Art

281, C. C. P., and authorities listed under note 3 thereof; Ex Parte Burleson, 133 Tex. Cr. R. 75, 109 S. W. (2d) 200; Ex Parte Cascio, 140 Tex. Cr. R. 288, 144 S. W. (2d) 886; Ex Parte Crenshaw, 200 S. W. (2d) 826.

If appellant is unable to make the $6,000 bail, he should apply to the trial judge for a further reduction.

As the record is here presented, we are unable to say that the trial judge abused his discretion in fixing bail for the sum of $6,000.

The judgment is affirmed.

Opinion approved by the Court.