**Ex parte Antonio Surita MENDOZA.**

**No. 40417.**

Court of Criminal Appeals of Texas.

April 26, 1967.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

This is an appeal from an order of the 147th Judicial District Court of Travis County, denying a reduction of bail pending an appeal to this court.

The record reflects that following appellant's conviction and sentence to fifteen years in the Department of Corrections for the offense of unlawful possession of a narcotic drug, District Judge Mace Thurman fixed the amount of his bail at $50,000. When the trial commenced, appellant was on bail set in the sum of $10,000.

At the habeas corpus hearing in which a reduction in the amount of bail was sought, appellant testified that in his effort to make the bail he talked with three persons but they refused to make the same because "they told me $50,000 was too high, and they would make a lower bond on me and bail me out, but $50,000 was just too high." Appellant further stated that he had two automobiles and two pieces of property "to put up as security," but no value of the property was shown.

It was shown that appellant had been twice before convicted of felony offenses less than capital and had served terms in the penitentiary.

Art. 44.04(d) of the 1965 Vernon's Ann. Code of Criminal Procedure provides:

"If the defendant is on bail when the trial commences and is convicted of a misdemeanor appealable to the Court of Criminal Appeals or of a felony and his punishment is assessed at a fine or confinement not to exceed fifteen years, or both, he shall remain on such bail and the bail shall not be considered discharged until his conviction has become final, ei-

ther through his failure to obtain a new trial or to perfect or pursue an appeal or through final affirmance by the appellate court on appeal and the filing of a mandate thereof with the clerk of the trial court.

"After conviction, either pending determination of any motion for new trial or pending final determination of the appeal, the court in which he was tried may increase or decrease the amount of his bail, as it deems proper, either upon its own motion or the motion of the State or of the defendant, which bail and the sureties thereon shall be approved by such trial court in the event any additional bond is required."

■ Under the statute, Judge Thurman was authorized to increase or decrease the amount of appellant's bail pending appeal.

■ In seeking a reduction of bail, the burden **was on** appellant to show that he could not make the bail and that it was excessive. Ex parte Bailey, 106 Tex.Cr.R. 649, 294 S.W. 213; Ex parte Alonzo, 151 Tex.Cr.R. 361, 208 S.W.2d 651.

■ The fact that persons approached by appellant thought that bail was set too high is not a reason for this court to hold it excessive. Ex parte Ramos, 141 Tex.Cr.R. 379, 148 S.W.2d 1109.

■■ This court judicially knows that defendants have forfeited bonds on appeal by failing to appear when the judgments of conviction became final. This should be considered in determining whether bail pending an appeal is excessive.

■ Under the record, we are unable to hold that appellant's bail, pending appeal, in the sum of $50,000 is excessive and that Judge Thurman abused his discretion in fixing the same in that amount.

The excerpt cited by appellant from this court's opinion in Korn v. State, 400 S.W. 2d 564, that in setting bail " 'the nature of

the offense and the circumstances under which it was committed are to be considered' " has no application to the matter of setting bail after conviction.

The judgment of the trial court is affirmed.