**Ex parte Jerry Michael SELLERS.**

**No. 49522.**

Court of Criminal Appeals of Texas.

Dec. 18, 1974.

Tom F. Reese, Jr. and Mark Turner, Garland, for appellant.

Jim D. Vollers, State's Atty., and Larry Gist, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding in the 196th District Court denying the requested relief. The appellant in three grounds of error alleges that the trial court erred in not reducing the amount of the bond, in not allowing the appellant to present evidence that the bond was excessive, and in not ordering the release of the appellant for lack of probable cause to believe an offense had been committed.

It has been duly brought to our attention that the appellant is now under an indictment for murder in this case. Therefore, the question of probable cause to hold the appellant has been rendered moot. Ex parte White, 486 S.W.2d 301 (Tex.Cr. App.1972).

At the hearing on the writ, after evidence had been presented about the probable cause for the detention of the appellant, the trial judge, over the objections of counsel, refused to allow the appellant to present any evidence that the $100,000 bail was excessive. There is no evidence in the record that the amount required is excessive, although the appellant sought to include such evidence in his brief. If it be alleged in the petition that the bail is excessive, the applicant is entitled to a hearing on the writ. Arts. 11.24, 11.10, Vernon's Ann.C.C.P. The burden of proof is upon the appellant to show that the bond is excessive. Holliman v. State, 485 S.W.2d 912 (Tex.Cr.App.1972); Ex parte Bailey, 106 Tex.Cr.R. 649, 294 S.W. 213 (1927). The appellant must show that he has attempted to and cannot make bond in the amount fixed. Ex parte Fisher, 492 S.W. 2d 528 (Tex.Cr.App.1973); Ex parte Williams, 467 S.W.2d 433 (Tex.Cr.App.1971); Ex parte Cooper, 136 Tex.Cr.R. 73, 124 S. W.2d 142 (1939). If the appellant makes no effort to present evidence concerning the amount of the bond, the judgment of the trial court will be affirmed. Ex parte Mauck, 158 Tex.Cr.R. 200, 254 S.W.2d 128 (1953). However, when the trial judge does not allow evidence to be presented at all, it cannot be determined by this Court whether or not the bail required is excessive. It was error to refuse to hear the evidence proffered by the appellant. In re Campbell, 28 Tex.App. 376, 13 S.W. 141 (1890).

Therefore, the judgment must be reversed and the cause remanded, with instructions that the trial court accord the appellant a hearing on the amount of bail within thirty days, if it has not already been done.

It is so ordered.

Opinion approved by the Court.