In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-533 CR


____________________



EX PARTE DONALD PAUL MAURO






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 04-11-09807-CV






MEMORANDUM OPINION



 Appellant, Donald Paul Mauro, asserts he stands accused of sexual assault on a
child, and that a magistrate initially set bond at $250,000.00 (1). Mauro sought reduction of
the bond amount. The trial court held a hearing and reduced Mauro's bond to $140,000
but imposed ancillary conditions. Mauro contends the bond amount is excessively high
and certain of the conditions of bail are unreasonable.

The Hearing Testimony


 The trial court held an evidentiary hearing on Mauro's motion to reduce bond.
Sergeant Gail Echols of the Conroe ISD (CISD) Police Department testified that Mauro
was a part-time officer with the CISD Police Department, assigned to Oak Ridge High
School. Sergeant Echols stated that four students, C.R., C.W., D.H., and S.P., accused
Mauro of molesting them. The alleged sexual acts occurred in a downstairs office and an
upstairs room. The students said they received gifts from Mauro. The students reported
the alleged acts to Sergeant Echols, and she described the alleged offenses at the hearing. 
 After learning of the students' allegations, Sergeant Echols told Mauro not to return
to Oak Ridge High School, and to report for his next shift at the main office. She did not
tell him of the student's charges, but instead told him he needed sufficient time off between
shifts. Mauro nevertheless returned to the high school. Sergeant Echols testified she
feared that if Mauro posted bond, he might return to the school, since he had already
disobeyed instructions not to return. Sergeant Echols also expressed concern about Mauro
having access to files through the school computer system, which would enable him to
obtain children's addresses. Sergeant Echols testified that Mauro might have access to
students' houses because he had driven a bus for the after-school program. Furthermore,
Sergeant Echols testified that, although the department retrieved the keys that had been
issued to Mauro, she was not sure Mauro did not have other keys because he had copied
a key which was not supposed to be duplicated. Sergeant Echols testified that Mauro had
given his phone number to students, so she feared Mauro might have some of the students'
phone numbers.

 On cross-examination, Sergeant Echols testified she feared Mauro would return to
the Oak Ridge campus and attempt to contact the students if he were released on bond. 
She also stated that the children and their parents told her they were afraid because Mauro
knows where many of them live. Sergeant Echols said Mauro had no prior criminal
record. She testified she had just received a phone call from another student regarding
Mauro, so she considered the matter to be an ongoing investigation. She opined that other
alleged victims might yet come forward. Sergeant Echols conceded that Mauro previously
appeared to be a good officer, since he did what he was told, took assignments eagerly,
and worked hard. She testified that Mauro had worked as a fireman for seventeen or
eighteen years. Echols conceded policy dictated that to prevent false allegations officers
were not to be alone with students, but she stated no false allegations had been made. 

 Mauro's wife, Irma, testified she and Mauro have been married for almost twenty-seven years. They have been separated for seven years, but they are not divorced. Mauro
resides with his parents in Houston. He has worked for the Houston Fire Department for
twenty-three years, has been a licensed peace officer for twelve years, and is also a
licensed EMT. The Houston Fire Department has suspended Mauro until further
investigation. Mauro and Irma have a twenty-year-old daughter, who lives with Irma in
Houston, a married son who works as a narcotics detective for the Port Lavaca Police
Department, and three grandchildren.

 Mauro's daughter, Amber, testified her parents have been separated since she was
thirteen years old, and her father currently lives with her grandparents. She testified that
Mauro had never touched her or her friends inappropriately. 

 Mauro's mother, Evelyn, testified Mauro has worked as a Houston fireman for over
twenty years, and she sees him almost every day. She denied knowledge of any prior
allegations that Mauro had touched anyone inappropriately. 

 Frank Black testified he has known Mauro since he was a baby, and they worked
together at Shore Acres Police Department and Hempstead Police Department. Although
he and Mauro had occasion to be around children during their work together, he never saw
any indication Mauro was interested in children. 

Amount of Bond


 In his first issue, Mauro contends his bond is excessively high in violation of article
17.15 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 17.15
(Vernon Supp. 2005). "In seeking a reduction of bail, the burden was on appellant to
show that he could not make the bail and that it was excessive." Ex parte Mendoza, 414
S.W.2d 666, 668 (Tex. Crim. App. 1967). Mauro's brief states that he has posted bond. 
His first issue is therefore moot. Margoitta v. State, 994 S.W.2d 336, 339 (Tex. App.--Waco 1999, no pet.)(Posting bail moots excessiveness complaint.). 

Reasonableness of Bail Conditions


 In his second issue, Mauro contends some of the ancillary conditions of bail
imposed by the trial court are unreasonable. Mauro complains of the following conditions:
(1) payment of the community probation department's monthly fee of $60, (2) imposition
of a home curfew from 2:00 p.m. to 9:00 a.m., (3) electronic monitoring, (4) no
communication with any juvenile, (5) no contact with any computer, and (6) no possession
of a firearm. The State argues the conditions were related to securing Mauro's presence
at trial and protecting the safety of the victims and the community.

 "The foundationhead of constitutionality of bail conditions is that they be 'based
upon standards relevant to the purpose of assuring the presence of (the) defendant.'" Ex
parte Anderer, 61 S.W.3d 398, 402 (Tex. Crim. App. 2001) (quoting Stack v. Boyle, 342
U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951)). Article 17.40 of the Texas Code of Criminal
Procedure, provides in part as follows:

 (a) To secure a defendant's attendance at trial, a magistrate may impose
any reasonable condition of bond related to the safety of a victim of
the alleged offense or to the safety of the community.


Tex. Code Crim. Proc. Ann. art. 17.40(a) (Vernon Supp. 2005). Home confinement and
electronic monitoring are specifically authorized by statute as conditions of release on
bond. Tex. Code Crim. Proc. Ann. art. 17.44(a)(1) (Vernon Supp. 2005) ("A magistrate
may require as a condition of release on bond that the defendant submit to: (1) home
confinement and electronic monitoring under the supervision of an agency designated by
the magistrate[.]"). These conditions are not unreasonable and are relevant to the purpose
of assuring the attendance of the defendant at trial. 

 Mauro argues that the condition requiring him to pay a monthly fee to the probation
department is unreasonable because "it is hard to do if you are unemployed." Mauro
presents no evidence that he is unable to pay the fee, and does not argue that the fee is
unrelated to the purpose of assuring his attendance at court proceedings. He cites no
authority in support of his unreasonableness contention. See Tex. R. App. P. 38.1(h). 

 Mauro also contends the condition that he have no contact with any juvenile is
onerous and unreasonable, noting the condition would preclude contact with his own
grandchildren. Mauro is accused of molesting four juveniles. Sergeant Echols testified
that one other potential victim had recently contacted her. Given that the four alleged
victims were juveniles, the trial court did not abuse its discretion in prohibiting Mauro
from contact with any juvenile, as the condition is related to the safety of both the alleged
victims and the community. See generally Anderer, 61 S.W.3d at 406 (noting that in
setting pre-trial bail for a presumably innocent suspect, a magistrate "may impose a
reasonable condition related to" the safety of the alleged victim and the community, and
upholding bail condition that defendant convicted of criminally negligent homicide not
operate a motor vehicle because the condition protected public safety).

 Mauro argues the condition prohibiting him from using any computer is
unreasonable and onerous because it will prohibit him from doing most jobs. According
to Sergeant Echols, one of the victims reported that Mauro used a computer to show her
pornographic material during the commission of an offense. The condition is reasonably
related to the safety of the alleged victims and the community. See generally Anderer, 61
S.W.3d at 406-07.

 Lastly, Mauro complains of the condition that prohibits him from possessing a
firearm. Mauro contends it is impossible for him to comply with the condition because he
is a licensed peace officer. The offenses with which Mauro is charged all involve students
at the school where Mauro served as a peace officer. The condition prohibiting Mauro
from possessing a firearm is not unreasonable. See generally Anderer, 61 S.W.3d at 406-07.

 Mauro's issues are overruled. 

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice 


Submitted on March 31, 2005

Opinion Delivered April 20, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. In its brief, the State says Mauro has been indicted for nineteen counts involving
the offenses of indecency with a child by sexual exposure and by sexual contact, sexual
assault of a child, and improper relationship between an educator and a student. The
record before this Court does not contain the indictment.