**Conditionally Grant and Opinion Filed June 4, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00209-CV**

**IN RE MATTHEW GONZALEZ, Relator**

**Original Proceeding from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F19-21144**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Carlyle
Opinion by Justice Pedersen, III

In this original proceeding, relator Matthew Gonzalez seeks mandamus relief

from the trial court's denial of relator's request for a hearing on his pretrial

application for writ of habeas corpus asserting that $500,000 bail was too high for

his murder charge. The State filed a response concurring in relator's request that we

direct the trial court to hold a hearing. After reviewing the petition, the response, and

the mandamus record, we conclude relator is entitled to the relief requested. We,

therefore, conditionally grant this writ.

# I. BACKGROUND

## A. Procedural History and Prior Original Proceeding

Relator was arrested for murder. After a Dallas County magistrate set relator's bond at $200,000, he was released on pretrial bond on December 26, 2019. On March 12, 2020, relator was indicted for murder. On that same date, the magistrate held relator's bond insufficient and increased his bond to $500,000. Relator surrendered himself and was taken into custody. He was confined in the Dallas County Jail.

Relator previously filed an application for writ of habeas corpus (first habeas application) with Judge Jeanine Howard of Criminal District Court No. 6 to challenge his bond, and he requested a hearing. Relator's first habeas application eschewed the conventional analysis of factors regarding the appropriate amount of bail under Texas Code of Criminal Procedure article 17.15 and instead argued relator had a constitutional right not to be imprisoned in the allegedly overcrowded Dallas County Jail during the COVID-19 pandemic. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15 (defining rules for fixing amount of bail). The trial judge denied the application without hearing any evidence and without providing any indication that she considered the merits of the application.

Relator appealed to our Court, but we dismissed that case because, other than writs under article 11.072, we lack jurisdiction over criminal habeas matters in which the trial court refuses to issue a writ of habeas corpus without ruling on the merits of

the application. *See Ex parte Gonzalez*, No. 05-20-00512-CR, 2021 WL 320838, at *2 (Tex. App.—Dallas Feb. 1, 2021, pet. ref'd) (mem. op., not designated for publication) ("Except for article 11.072 writs not applicable to this appeal, this Court does not have jurisdiction to entertain an appeal when the trial court refuses to issue a writ of habeas corpus and does not address the merits of the writ application.").

**B. Second Application for Writ of Habeas Corpus**

On February 25, 2021, relator filed a verified second application for writ of habeas corpus styled "Application for Writ of Habeas Corpus Seeking Reinstatement of Previous Bond or in the Alternative a Reduction in Bond/Bail" (second habeas application). In his second habeas application, relator raised more conventional arguments about excessive bail, including the following:

> Applicant has ties to the community and is not a flight risk. . . . Applicant was on bond from December 26, 2019, to March 12, 2020, without issue and presented himself to the Court the same day that his bond was held insufficient without issue. Applicant has no criminal history. . . . Applicant has attempted to post the increased bond of $500,000.00 but, is unable to post that bond.

Furthermore, relator specifically requested that this second habeas application "be assigned to a district court other than Criminal District Court 6." Relator presented his second habeas application to Judge Ernest White of the 194th Judicial District Court. Judge White held a hearing on this habeas application but determined:

> [T]his judge is going to take the position that it is not appropriate for me to hear this matter. At least, the appropriate matter is to have a motion to have CDC 6; that is, mandamus to have the hearing on the issues or to have [Judge Howard] grant you a hearing. The Court is of

–3–

the opinion that it is not appropriate for me to hear this matter at this time.

Thereafter, relator presented his second habeas application to Criminal District Court No. 6 and attempted to set a hearing. After correspondence with the trial court, Judge Howard's court coordinator wrote to relator: "Judge Howard is not going to reduce the bond at this time and will not set a hearing." Thereafter, relator filed this petition for writ of mandamus, contending (i) he has exhausted all other remedies, (ii) he has a clear right to a hearing, and (iii) he has an entitlement to mandamus relief. The State concurs with relator's request for relief.

## II.    AVAILABILITY OF MANDAMUS REVIEW

"To be entitled to mandamus relief, the relator must show two things: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act." *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). In regard to the first requirement, "[i]n some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *In re Medina*, 475 S.W.3d 291, 297 (Tex. Crim. App. 2015) (citing *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987)). As for the second requirement, "[a]n act is ministerial 'when the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment.'" *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (quoting *Tex. Dep't of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981)).

–4–

"The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought." *Weeks*, 391 S.W.3d at 122.[1] Equitable principles are necessarily involved when we consider whether mandamus should issue. *Medina*, 475 S.W.3d at 297.

## III.   ANALYSIS

### A. Whether the Relator Seeks to Compel a Ministerial Act

In *Ex parte Sellers*, the Texas Court of Criminal Appeals addressed an appellant's entitlement to a hearing to present evidence in a habeas corpus proceeding that challenged bond as excessive:

> [W]hen the trial judge does not allow evidence to be presented at all, it cannot be determined by this Court whether or not the bail required is excessive. It was error to refuse to hear the evidence proffered by the appellant.

516 S.W.2d 665, 666 (Tex. Crim. App. 1974) (citing *In re Campbell*, 13 S.W. 141 (Tex. Ct. App. 1890, no writ)). Here, having challenged his bail as excessive and having sought an evidentiary hearing on his second habeas application, relator has a clear right to a habeas hearing. *See* TEX. CODE CRIM. PROC. arts. 11.08, 11.10, 11.15,

---

[1] "A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *Weeks*, 391 S.W.3d at 122 (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011)).

11.24;[2] *Sellers*, 516 S.W.2d at 666. Thus, we conclude relator has met this requirement to obtain mandamus relief.

**B. Whether Relator Has No Adequate Remedy at Law**

In certain circumstances, a defendant denied a hearing on his habeas application may seek mandamus relief in the appellate courts. *See* TEX. CODE CRIM. PROC. arts. 11.08, 11.10, 11.24; *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991) (limited remedies available to habeas applicant when trial court refuses to issue writ or conduct hearing on merits include presenting habeas application to another judge or, under proper circumstances, seeking mandamus relief). We acknowledge that relator has filed, in total, two different habeas applications with different grounds for relief.

Relator has (i) presented the second habeas application to the 194th Judicial District Court; (ii) obtained a ruling from the 194th Judicial District Court that it would not consider the matter; (iii) attempted to set the second habeas application before the trial court;[3] and (iv) established that the trial court refused to "reduce the bond . . . and [would] not set a hearing." Relator has shown that the trial court failed to perform its ministerial duty to conduct a hearing. *See Sellers*, 516 S.W.2d at 666.

---

[2] Article 11.24 provides: "Where a person has been committed to custody for failing to enter into bond, he is entitled to the writ of habeas corpus, if it be stated in the petition that there was no sufficient cause for requiring bail, or that the bail required is excessive. If the proof sustains the petition, it will entitle the party to be discharged, or have the bail reduced." TEX. CODE CRIM. PROC. ANN. art. 11.24.

[3] We note "that the jurisdiction of a court to consider an application for writ of habeas corpus is determined at the time the application is filed." *Kniatt v. State*, 206 S.W.3d 657, 663 (Tex. Crim. App. 2006).

Relator is without another legal remedy that is not "uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate" for someone jailed on allegedly excessive bail. *See* TEX. CODE CRIM. PROC. arts. 11.08, 11.10, 11.15, 11.24; *Hargett*, 819 S.W.2d at 868. We conclude that relator lacks an adequate appellate remedy at law; relator has met the second requirement to obtain mandamus relief.

## IV. CONCLUSION

We conditionally grant relator's petition for writ of mandamus. We direct the trial court (i) to issue the writ of habeas corpus; (ii) to bring relator in person before the trial court; and (iii) to accord the relator an evidentiary hearing on his second habeas application within thirty days of this opinion, if it has not already been done.

The writ of mandamus will issue only if the trial court fails to comply.

210209f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE